# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                              Case No. 10-CR-31

**KAI VANG**
        Defendant.

## ORDER

On May 19, 2011, I sentenced defendant Kai Vang to 4 years' probation on his guilty plea to transferring a firearm with knowledge that it would be used in a drug trafficking offense. The charges arose out of defendant's involvement with the "MOD" gang, which distributed substantial amounts of ecstasy in Wisconsin, Minnesota, and elsewhere. As conditions of probation, I required defendant to serve 6 months of home confinement, complete 40 hours of community service, and avoid any gang association. Defendant faced an advisory guideline range of 18-24 months, but I found a sentence served in the community sufficient. First, while the offense was serious, the record contained no specific evidence of violence on defendant's part or directly flowing from his actions. Nor did it appear that he held a leadership position in the criminal organization or that he profited much from this conduct. Second, based on defendant's lack of any prior record, his family ties, his solid work history, his efforts to further his education, and his good performance on pre-trial release, I found that a sentence served in the community would suffice to protect the public and deter defendant from re-offending. I found a 4 year probationary term, less than the statutory maximum but still substantial, sufficient but not greater than necessary to ensure monitoring and employment.

The probation office now recommends early termination of supervision, indicating that defendant has been fully compliant with his conditions, continues to be employed, and has incurred no new law violations. He has also completed his 40 hours of community service and submitted negative drug screens. If allowed to discharge early, defendant indicates that he plans to relocate to California to be near his brother, who owns and operates a restaurant.

Under 18 U.S.C. § 3564(c),

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The court may thus grant early termination of felony probation if: (1) the defendant has served at least one year; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). United States v. Nelson, No. 09-CR-108, 2012 WL 3544889, at *1 (E.D. Wis. Aug. 16, 2012).

Defendant has served more than two years of probation. The government, advised of the recommendation, objects to early termination, noting that defendant facilitated the transfer of firearms between gang members and was involved in the distribution of ecstasy. The government believes that early termination would depreciate the seriousness of the offense, would not promote respect for the law, and would not provide just punishment.

The district court possesses broad discretion in determining whether the interests of justice would be served by early termination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts have generally found that the conduct of the defendant

2

necessary to support early termination should include more than simply following the rules; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have tended to grant such requests only in cases involving new or unforeseen circumstances, which may include exceptionally good behavior. E.g., United States v. Schrader, No. 11-CR-13, 2013 WL 257208, at *2 (E.D. Wis. Jan. 23, 2013) (collecting cases); see also United States v. Caruso, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) ("[T]here is general agreement that the early termination of probation is a decision entrusted to the sound discretion of the District Court and is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior.").

In this case, while defendant's compliance is commendable, his conduct cannot be deemed exceptional. The court expects offenders on supervision to follow the rules, work, support their dependents, and abstain from drug use. See, e.g., United States v. Bartak, No. 10-CR-174, 2013 WL 3049226, at *2 (E.D. Wis. June 17, 2013). Defendant's conduct over the past two years of probation appears to represent a continuation of his behavior while on pre-trial release (working for the U.S. Postal service, living with his wife and two children), which I found supported the original sentence of 4 years' probation.

Courts have also considered early termination where the conditions of supervision interfere with the offender's rehabilitation, see Schrader, 2013 WL 257208, at *2 (citing United States v. White, No. 06-CR-50, 2012 WL 5198364, at *2-3 (E.D. Wis. Oct. 19, 2012)), but no such showing has been made here. Defendant indicates that if terminated he plans to relocate to California, but there is no indication that he has requested or been denied a transfer of supervision to another district, see White, 2012 WL 5198364, at *2, and he appears to be doing well in his present situation in Minnesota.

3

Finally, while I concluded originally that probation with a home confinement condition would satisfy the purposes of sentencing, including the need for just punishment, I agree with the government that terminating probation early would depreciate the seriousness of this offense. See 18 U.S.C. § 3553(a)(2)(A). While defendant did not occupy a leadership position in the gang, the intercepted calls demonstrated that he was trusted and respected by the gang's leaders. (PSR ¶ 91.) The calls further showed that he regularly received ecstasy for distribution to others, and that he was familiar with the movement of firearms among members of the gang. (PSR ¶ 91.) Gang members also dropped firearms off at defendant's residence, which he held until he transferred them to other members. (PSR ¶ 94.) Continued probation, with the condition proscribing any further gang association, is appropriate to protect the public and deter further violations of the law. See 18 U.S.C. § 3553(a)(2)(B) & (C). While defendant does not appear to have significant correctional treatment needs, see 18 U.S.C. § 3553(a)(2)(D), the other § 3553(a) factors support continued supervision.

**THEREFORE, IT IS ORDERED** that the request for early termination is **DENIED**.

Dated at Milwaukee, Wisconsin this 12th day of August, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge